Green, J.
The defendant was convicted upon the second count in the indictment which charges that “he had about him, the said John Fergus, and did fraudulently keep in his possession, and conceal the counterfeit resemblance and imitation of a bank bill of the President, Directors & Co. of the bank of the United States, of the denomination of twenty dollars, in the words and figures in substance as follows,” &c. The indictment then sets out the note, and concludes with an averment that the defendant knew that the resemblance of a bank note so fraudulently kept in his possession and concealed, to be false and counterfeit.
This indictment does not charge the offence contemplated in the thirty-second section of the penal code, with sufficient certainty. The possession of counterfeit resemblances of bank notes, with intent to impose them on the community as good money, constitutes the offence .intended to be punished. The indictment ought to have so charged it, for where the evil intent constitutes a material part of the offence, it ought to be charged. 1 Ch. Crim. L. 233, 245: 6 East 474: 4 T. Rep. 129.
It is supposed the seventy-third section of the act renders a particular description of the offence unnecessary, and makes an indictment charging in the words of *353 the act good. That section only intended to do away the necessity ot charging and proving that some ‘‘particular .person, corporation or company was intended to be defrauded.” The intent to commit a fraud by passing the counterfeit notes, must still be charged, though it may be charged generally, without specifying any “particular person, corporation or company intended to be defrauded.” The indictment should also have averred the existence of the bank of the United States,
Peck, J.
There are obvious defects in the record before us. The plea of the prisoner is given historically ; it is in the past, not in the present tense, as it should be; nor does it purport to be the language of the prisoner. The defendant “pleaded not guilty, and for his trial puts'himself upon his country.” This is no good plea. But this is to be understood only as the expression of my opinion on this point.
It is" not charged in the bill of indictment, that the corporation from which .the forged bill purports to have issued, is a corporation that exists or may exist, or that no such corporation exists; one or other averment was indispensable to have brought the case within either the 32d or 33d section of the act; and this defect is not cured by either the 72d, 73d or 74th sections. But on the contrary, these sections require that at least the charge must be in the language of the act to make the bill good. Without this charge either affirming the existence or non-existence of such a corporation, we have no authority for saying that the bill of indictment is founded on the act. The rule is, that the bill of indictment must bring the case within the words of the statute, at least substantially. 2 Hale’s P. C. 168, 192. That it is not a sufficient bill of indictment at common law, will appear from the fact, that it wants an averment of fraudulent intent to cheat some one in particular, or the public in general.
*354 It may be insisted, that if the charge of the existence of such a corporation be necessary, that it must be proved by the production of the charter. That may be true; but it is no good argument to show that strict forms of law shall be abandoned because of the inconvenience it may bring upon the State. The same argument would prove that the bill of indictment might be used not only to save appearances under the constitution, but that it may want form or substance, or that the rules of evidence under it should be changed for the sake of convenience. The State must make out her case, first, by a sufficient charge in the bill, and second, by proof to sustain it. The first of these is wanting. The judgment must be arrested, and the prisoner remanded to be further proceeded against.
Judgment reversed.
Catron, Ch. J. and Whyte, J. concurred with Green and Peck, Judges, except the first point made by Peck, J. in his opinion.